UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No.4:07-CR-015-F

| | | |
|---|---|---|
| BRANDON LEE MIZELLE, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

This matter is before the court on Mizelle's letter requesting this court to alter fine payments. Upon sentencing, Mizelle was ordered to pay a $3,700.00 fine "in full immediately." [DE-22]. In his motion, Hayes states that he has a difficult time making the quarterly payments prescribed by the BOP's payment program and asks that his fine be "waived upon [his] release" [DE-23].

Because Mizelle complains that his "inability to pay" is allegedly caused by the manner in which his sentence is being executed, this court determines Hayes's letter appropriately is construed as a Motion to Remit Fines under 28 U.S.C. § 2241. *See, e.g., Jaworski v. Gutierrez*, No. 5:06CV157, 2007 U.S. Dist. LEXIS 62414 (N.D.W. Va. Aug. 23, 2007) (recognizing § 2241 as the appropriate remedy when the defendant complains not of the constitutionality of his sentence, but instead of the manner in which his sentence is being executed.).

Prior to seeking any relief of his payment obligations, Hayes first must exhaust all remedies through the Bureau of Prisons. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973). Thereafter, in order to challenge his payment obligations, Hayes must file the appropriate pleadings in the district court of his confinement, not the sentencing court. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Therefore, because this court is not the district court of Defendant's confinement, but rather his sentencing court, Defendant's Motion to Remit Fines is DENIED.

SO ORDERED. This the 24th day of May, 2010.

*James C. Fox*
James C. Fox
Senior United States District Judge